UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI & JAMES
REITER, individually and on behalf
of all similarly situated,

    Plaintiffs

v.

                      Case Number _____

TBC CORPORATION

    Defendant.
_____/

## Complaint

### I. Introduction

1. Defendant, TBC Corporation, does not pay and has not paid its Florida mechanics/technicians overtime in accordance to the Fair Labor Standards Act (FLSA or Act).

2. Defendant claims that its mechanics/technicians are exempt from overtime pursuant to 29 U.S.C. § 207(i).

3. Section 7(i) of the FLSA exempts some employees of certain establishments from overtime during some weeks.

4. An element of the Section 7(i) exemption is that the employee in question earns 150% of the minimum wage as his or her regular rate of pay in the weeks where the exemption is being used.

5. Defendant did not assure that its Florida mechanics/technicians earned 150% of the minimum wage in all weeks where they worked overtime.

6. In fact, Defendant has employed a myriad of mechanics/technicians in Florida within the past three years that have worked overtime hours without overtime pay in weeks where they earned less than 150% of the minimum wage.

7. Defendant prohibits mechanics/technicians from discussing their pay with each other.

8. Defendant strives to pay its mechanics/technicians $11.02 per hour.

9. Section 18(a) of the FLSA defers to the Florida minimum wage for enforcement of the Act.

10. Defendant was/is required to pay 150% of the Florida minimum wage to instate mechanics/technicians in each week it seeks shelter from overtime payment pursuant to Section 7(i) of the Act. *See* 29 C.F.R. § 778.5 and 29 C.F.R. § 779.412.

11. Defendant treats all of its mechanics/technicians in the same manner as it relates to pay and primary job duties regardless of location.

12. Defendant calculated 150% of the minimum wage using the federal minimum wage of $7.25.

13. Defendant has acted in reckless disregard of Sections 7(a)(1) and 18(a) of the FLSA as it relates to Florida mechanics/technicians.

14. Florida has had higher minimum wage than the federal minimum wage since June 1, 2011.

15. Plaintiffs sue Defendant, individually and on behalf of all similarly situated employees, pursuant to 29 U.S.C. § 216(b) for unpaid overtime.

## II. Parties

16. Plaintiff Corey Desimoni worked for Defendant within the past three years at two locations in Seminole County, Florida.

17. Plaintiff James Reiter worked for Defendant in Lee County, Florida.

18. Defendant is a Delaware corporation.

19. Defendant has its headquarters in Palm Beach County, Florida.

20. Defendant was purchased by Sumitomo Corporation of America in 2005.

21. Sumitomo Corporation is a large Japanese corporation.

22. Defendant conducts business in many, if not all, Florida counties.

## III. Jurisdiction & Venue

23. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

24. Venue is appropriate in Ft. Myers because Plaintiff James Reiter worked for Defendant in Lee County, Florida.

25. Defendant operates Tire Kingdoms in Ft. Myers, Cape Coral, Bonita Springs, Leehigh Acres and Punta Gorda, among other cities in Florida.

26. Residents of the Ft. Myers Division have been impacted by Defendant's illegal pay policy.

## IV. Facts

27. Plaintiff Corey Desimoni worked for Defendant.

28. Plaintiff James Reiter worked for Defendant.

29. Defendant has employed hundreds of mechanics/technicians in Florida within the past three years.

30. Mechanics/technicians' primary job duty is to service motor vehicles.

31. Defendant pays mechanics/technicians pursuant to the same pay policy.

32. Defendant has classified all its mechanics/technicians as exempt from overtime pursuant to 29 U.S.C. § 207(i).

33. Regardless of location mechanics/technicians are paid pursuant to the same policy, are classified uniformly as it relates to the FLSA and service motor vehicles.

34. Each year within the last three years Defendant has had annual gross sales and revenues of over $500,000.

35. Defendant employs employees that are individually covered by the FLSA.

36. Defendant employs employees that handle goods or materials that move in interstate commerce.

37. Defendant employs employees that handle wrenches, tires, oil, pens, computers, motor vehicles, paper and safety gear that were made outside of Florida.

38. Defendant employs and has employed mechanics/technicians that work more than forty hours a week without receiving overtime pay.

39. In Florida in 2012 the minimum wage was $7.67.

40. In 2012 Defendant was required to pay its mechanics/technicians in Florida at least $11.51 per hour in order to satisfy a prong of Section 7(i) of the FLSA.

41. In Florida in 2013 the minimum wage was $7.79.

42. In 2013 Defendant was required to pay its mechanics/technicians in Florida at least $11.69 per hour in order to satisfy a prong of Section 7(i) of the FLSA.

43. In Florida in 2014 the minimum wage was $7.93.

44. In 2014 Defendant was required to pay its mechanics/technicians in Florida at least $11.90 per hour in order to satisfy a prong of Section 7(i) of the FLSA.

45. In Florida in 2015 the minimum wage is $8.05.

46. This year Defendant is required to pay its mechanics/technicians in Florida at least $12.08 per hour in order to satisfy a prong of Section 7(i) of the FLSA.

47. Defendant currently employs mechanics/technicians that earn less than $12.08 per hour but are denied contemporaneous overtime by Defendant because Defendant relies upon Section 7(i) of the FLSA.

48. Defendant has and has had other mechanics/technicians that have sought clarification about their pay and requested overtime pay.

49. Defendant has settled unpaid overtime claims with other mechanics/technicians within the past three years.

50. There are mechanics/technicians similarly situated to the named Plaintiffs that would like to join the lawsuit.

51. Defendant is aware of other mechanics/technicians that are interested in recovering unpaid overtime.

52. Defendant did not pay the named Plaintiffs contemporaneous overtime for the same reason it did not pay overtime to all of its Florida mechanics/technicians that worked overtime hours.

53. On or before 2012 Defendant was aware of the FLSA.

54. On or before 2012 Defendant was aware of the Florida minimum wage.

55. On or before 2012 Defendant was aware of Section 18(a) of the FLSA.

56. On or before 2012 Defendant was aware of 29 C.F.R. § 778.5.

57. Within the last three years Defendant has not informed any mechanics/technicians that they have a right to seek redress for unpaid overtime pursuant to the FLSA.

58. The failure to pay overtime is wage theft.

59. Defendant's failure to advise its mechanics/technicians of the fact that they were entitled to overtime but that the company would not pay them is a material term of the employment agreement which Defendant purposely withheld.

60. Defendant has deceived its Florida mechanics/technicians.

### V. Cause of Action for Unpaid Overtime

61. Plaintiffs reincorporate paragraphs 1 through 60 as if fully stated herein.

62. Defendant was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

63. Plaintiffs worked overtime hours in Florida without receiving overtime pay.

64. Defendant is an enterprise as defined by 29 U.S.C. § 203(r)(1).

65. Specifically Defendant is in the business of providing vehicle maintenance and care.

66. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

67. Defendant misclassified its Florida mechanics/technicians as exempt pursuant to 29 U.S.C. § 207(i).

68. Defendant owes Plaintiffs and all Florida mechanics/technicians unpaid overtime pursuant to 29 U.S.C. § 207(a)(1).

69. All Florida mechanics/technicians that worked for Defendant within the last three years are similarly situated.

70. Plaintiffs' primary job duty was to service motor vehicles.

71. Plaintiffs were paid less than 150% of the proper minimum wage in some or all workweeks that they worked over forty hours without receiving overtime pay.

72. Defendant treats and treated all its mechanics/technicians uniformly in terms of no overtime pay and primary job duty.

73. Defendant willfully violated the FLSA.

74. Defendant has acted in reckless disregard of the FLSA.

75. All of Defendant's mechanics/technicians are entitled to know about their right to seek redress pursuant to the FLSA.

76. Defendant concealed the material fact of the right to overtime from all of its mechanics/technicians in Florida.

Wherefore, Plaintiffs seek conditional class certification, the right to notify all of Defendant's Florida mechanics/technicians of their right to redress, declaration that Defendant is currently violating the FLSA, unpaid overtime, liquidated damages, judgment, attorneys' fees, costs and all other relief the Honorable Court deems appropriate.

Respectfully submitted this 18th day of June 2015,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Christina J. Thomas
Florida Bar Number 74846
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Fax – (407)245-3487

Attorney for Plaintiffs