UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of all
similarly situated

        Plaintiffs,

v.                                  Case No:   2:15-cv-366-FtM-99CM

TBC CORPORATION,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #31) filed on November 6, 2015.  Plaintiff filed a response in opposition (Doc. #33). This matter is ripe for review.

## BACKGROUND

This action arises from Plaintiffs' former employment with Defendant TBC Corporation who operates Tire Kingdoms throughout the State of Florida.  (Doc. #1, ¶¶ 16-17, 25.)  Plaintiffs allege Defendant did not pay its Florida mechanics/technicians overtime in accordance with the Fair Labor Standards Act ("FLSA").  (Doc. #1, ¶ 1.) Plaintiff James Reiter worked for Defendant in Lee County, Florida with the primary job

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

duty of servicing motor vehicles.[2]  (Doc. #1, ¶¶ 17, 30, 70.)  As of the date on this Order, Plaintiffs' Motion to Certify Class (Doc. #10) and Defendant's Motion to Compel Arbitration (Doc. #19) are pending.  The Court has not issued a Case Management and Scheduling Order and no discovery has been conducted.

On November 6, 2015, Defendant moved for summary judgment (Doc. #31), arguing that there are no disputed issues of material fact and Plaintiffs, as a matter of law, were exempt from the FLSA's overtime requirements pursuant to 29 U.S.C. § 207(i). Plaintiff opposes Defendant's Motion and asks the Court to deny it with prejudice because discovery has not been conducted and Defendant has failed to establish it is a retail or service establishment as required under the § 207(i) exemption.  (Doc. #33.)

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.  Courts generally should not grant summary judgment until the party opposing has had an opportunity to conduct discovery.  *Kahama VI, LLC v. HJH, LLC*, No. 8:11-CV-2029-T-30TBM, 2014 WL 521085, at *3 (M.D. Fla. Feb. 10, 2014) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)).  While the Court need not wait until the end of discovery, summary judgment is appropriate only when an adequate factual record exists and when "further discovery would be pointless."

---

[2] To the extent Plaintiffs ask the Court to consider the instant motion as an abandonment of Defendant's Motion to Compel arbitration, Plaintiffs' request is denied.  Defendant's Motion to Compel Arbitration (Doc. #19) remains pending and the Court has not determined whether it has jurisdiction to proceed on claims by Plaintiff Corey Desimoni and potential opt-in Plaintiff Luis Rodriguez.  *See Bell v. Atl. Trucking Co.*, No. 309-CV-406-J-32MCR, 2009 WL 4730564, at *3 (M.D. Fla. Dec. 7, 2009).  Therefore, the instant Order applies only to Plaintiff James Reiter.

*Techtron Corp. v. Piret*, No. 205CV318-FTM-29SPC, 2006 WL 845327, at *1 (M.D. Fla. Mar. 30, 2006) (internal quotation marks omitted); *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (holding that "summary judgment may only be decided upon an adequate record."). "A district court may grant summary judgment in the early stages of discovery only if 'further discovery would be pointless' and the movant is 'clearly entitled to summary judgment.'" *Pelican Restaurants, Inc. v. Crazy Flamingo, Inc.*, No. 2:06CV211FTM29DNF, 2007 WL 911760, at *1 (M.D. Fla. Mar. 22, 2007) (citing *Robak v. Abbott Labs.*, 797 F.Supp. 475, 476 (D. Md. 1992) (granting summary judgment in the "early stages" of discovery because "no material fact [could] be genuinely disputed under the allegations of the Complaint").

Here, Defendant has filed its Motion for Summary Judgment before the Court has entered ruling on key dispositive motions. No Case Management Report has yet been submitted for the entry of a Case Management and Scheduling Order, therefore no discovery has been conducted in this case. Defendant cannot establish the absence of a genuine issue of material fact without the non-moving party having the opportunity to conduct discovery and refute the allegations. Therefore, Defendant's Motion for Summary Judgment is denied as premature. The parties may file for summary judgment at a later stage of the proceedings.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. #31) is **DENIED without prejudice** as premature.

2. Defendant's Motion to Stay Ruling on Plaintiffs' Motion for Conditional Certification (Doc. #29) is **DENIED as moot**.

3. Defendant's Motion for Leave to file a Reply to Response (Doc. #34) is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of April, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record