UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of all
similarly situated

        Plaintiffs,

v.                                                Case No:   2:15-cv-366-FtM-99CM

TBC CORPORATION,

        Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #20) filed on August 20, 2015.  Defendant also filed a Request for Oral Argument (Doc. #21) relating to the Motion to Dismiss.  Plaintiff filed a Response in Opposition (Doc. #23) on September 1, 2015.  This matter is ripe for review.

**BACKGROUND**

Unless stated otherwise, the following facts are drawn from the Complaint and construed in a light most favorable to Plaintiff as the non-moving party.  This action arises from Plaintiff's former employment with Defendant TBC Corporation who operates Tire Kingdoms throughout the State of Florida. (Doc. #1, ¶¶ 16-17, 25.)  Plaintiff James Reiter

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

worked for Defendant in Lee County, Florida.[2] (Doc. #1, ¶ 17.) Plaintiff's primary job duty was to service motor vehicles. (Doc. #1, ¶¶ 30, 70.) Plaintiff alleges Defendant did not pay its Florida mechanics/technicians overtime in accordance with the Fair Labor Standards Act ("FLSA"). (Doc. #1, ¶ 1.) Defendant claims its mechanics/technicians are exempt from overtime wages. (Doc. #1, ¶¶ 2, 32.) Defendant did not assure that its Florida mechanics/technicians earned 150% of the minimum wage in all weeks where they worked overtime. (Doc. #1, ¶ 5.) Defendant has had annual gross sales and revenues of over $500,000 each year within the last three years. (Doc. #1, ¶ 34.) Defendant's employees handle goods or materials that move in interstate commerce such as wrenches, tires, oil, pens, computers, motor vehicles, paper and safety gear that were made outside of Florida. (Doc. #1, ¶¶ 36-37.) Defendant's mechanics/technicians work more than forty hours a week without receiving overtime pay. (Doc. #1, ¶ 38.)

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable

---

[2] Defendant's Motion to Compel Arbitration (Doc. #19) remains pending. Therefore, the Court has not determined whether it has jurisdiction to proceed on claims by Plaintiff Corey Desimoni and potential opt-in Plaintiff Luis Rodriguez. See *Bell v. Atl. Trucking Co.*, No. 309-CV-406-J-32MCR, 2009 WL 4730564, at *3 (M.D. Fla. Dec. 7, 2009). Therefore, the instant Order applies only to Plaintiff James Reiter.

inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

According to Plaintiff, Defendant violated the FLSA by failing to pay its mechanics/technicians overtime. (Doc. #1, ¶ 1.) The FLSA generally requires employers to pay their employees at least one and a half times their regular wage for every hour worked in excess of forty per week. 29 U.S.C. § 207(a)(1). A violation of 29 U.S.C. § 207 entitles an employee to bring a private FLSA action for damages. 29 U.S.C. § 216(b). However, the Retail or Service Establishment Exemption of 29 U.S.C. § 207(i) relieves employers from the overtime pay requirements of the FLSA if an employee's regular rate of pay exceeds one and one-half of the required minimum wage and more than one-half of his compensation was earned under a bona fide commission plan. To establish the applicability of the § 207(i) exception, Defendant must show that (1) it is a "retail or service establishment;" (2) Plaintiff's regular rate of pay exceeds 1.5 times the minimum wage; and (3) more than half of the Plaintiff's compensation for a representative period (not less than one month) represents commissions on goods or services. 29 U.S.C. § 207(i); *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001). In the Eleventh Circuit, the employer "bears the burden of proving the applicability of an FLSA exception by 'clear and affirmative evidence.' " *Id.* (quoting *Birdwell v. City of Gadsden*, 970 F.2d 802, 805 (11th Cir.1992).

3

Defendant seeks to dismiss the Complaint for failure to state a claim. (Doc. #20.) Defendant asserts that Plaintiff has failed to allege that Defendant's mechanics/technicians are not exempt from the FLSA's overtime requirements pursuant to 29 U.S.C. § 207(i). (Doc. #20, pp. 1-2.) According to Defendant, because the Complaint alleges that Plaintiff was paid over 150% of the federal minimum wage, Defendant can only be liable to Plaintiff if § 207(i) requires that the Florida minimum wage be used in calculating the minimum overtime pay owed to Florida employees. (Doc. #20, p. 2.) In the Motion to Dismiss, Defendant asks the Court to interpret the language of § 207(i) as applying only to federal minimum wage. According to Defendant, because the only FLSA violation Plaintiff alleges is Defendant's failure to pay in excess of 150% of the Florida minimum wage, Plaintiff's claim fails. Defendant alleges that Plaintiff's claim is premised on an incorrect reading of § 207(i) and therefore should be dismissed.

Plaintiff responds asserting that Defendant's § 207(i) exemption is an affirmative defense that must be proven by the Defendant, not Plaintiffs. (Doc. #23, p. 1.) Plaintiff contends that Defendant's motion asks the Court to rule on a mixed question of fact and law that is not proper at this stage in the litigation. (Doc. #23, p. 2.) Plaintiff alleges Defendant paid him less than 150% of the minimum wage and that the Complaint does not limit Plaintiff's claims to only violations of Florida minimum wage. (Doc. #23, p. 3); (*See* Doc. #1, ¶¶ 5, 6, 71).

The Court finds that Defendant "bears the burden of proving the applicability of an FLSA exception[.]" *Klinedinst*, 260 F.3d at 1254. Plaintiff is not required to plead facts in his Complaint in anticipation of Defendant's possible defenses. Upon review of the Complaint, the Court finds that Plaintiff has alleged sufficient facts to state a claim

pursuant to the FLSA. The Complaint alleges Defendant is an employer as defined by 29 U.S.C. § 203(d). (Doc. #1, ¶ 62.) Plaintiff was employed by Defendant and worked overtime hours without receiving overtime pay. (Doc. #1, ¶¶ 62-63.) Defendant is an enterprise that provides vehicle maintenance and care. (Doc. #1, ¶¶ 64-66.) Defendant has annual gross revenues of over $500,000 and its employees engage in commerce. (Doc. #1, ¶¶ 34-37, 64, 66.) Defendant misclassified its Florida mechanics/technicians as exempt. (Doc. #1, ¶ 67.) Plaintiff was paid less that 150% of the proper minimum wage in workweeks that he worked over forty hours without receiving overtime pay. (Doc. #1, ¶ 71.) Defendant wilfully violated the FLSA and acted in reckless disregard of the FLSA. (Doc. #1, ¶¶ 73-74.)

These allegations, which are accepted as true, are sufficient to satisfy the claim that Defendant violated 29 U.S.C. § 207; specifically, that Plaintiff Reiter worked in excess of forty (40) hours for one or more weeks, that he was unpaid for those hours at 150% his hourly rate, and that Defendant knew Plaintiff Reiter worked those excess hours. Accordingly, the Court finds that Plaintiff has stated a claim under the FLSA. Defendant's Motion to Dismiss (Doc. #20) and request for oral argument (Doc. #21) are denied.

Accordingly, it is now **ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #20) is **DENIED**.

2. Defendant's Request for Oral Argument (Doc. #21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of April, 2016.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record