UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of all
similarly situated

                   Plaintiffs,

v.                                                   Case No:  2:15-cv-366-FtM-99CM

TBC CORPORATION,

                   Defendant.
_____/

## <u>ORDER</u>[1]

       This matter comes before the Court on United States Magistrate Judge Carol Mirando's Report and Recommendation filed on April 25, 2016.  (Doc. #44).  Judge Mirando recommends granting Plaintiffs' Motion for Conditional Certification and Facilitation of Court – Authorized Notice Pursuant to 29 U.S.C. § 216 (Doc. #10).  Plaintiffs filed a Notice of Non-Objection to Report and Recommendation (Doc. #47).  Defendant filed objections to the Report and Recommendation (Doc. #49).  Plaintiffs did not file a response to Defendant's Objections and the time to do so has expired.  The matter is ripe for review.

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**Background**

The facts of this action have been thoroughly summarized in the Report and Recommendation (Doc. #44, pp. 2-3) and need not be fully repeated here.  Plaintiffs filed this action on behalf of themselves and other similarly situated individuals against their former employer, TBC Corporation, for alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA").  (*See* Doc. #1.)  Plaintiffs allege that TBC's compensation plan violates federal law for wrongfully classifying Plaintiffs and other Florida mechanics as "exempt" under 29 U.S.C. § 207(i).  (Doc. #10 at 2.)  Specifically, Plaintiffs argue that TBC violated federal law in failing to use the Florida minimum wage to calculate the overtime pay owed to Florida employees.  *Id.* Plaintiffs seek conditional certification of a putative class comprised of current and former mechanic/technicians who: (1) worked for Defendant within the state of Florida within the three (3) years preceding the filing of this lawsuit; and (2) worked more than forty (40) hours per week and were paid using a "Commission Pay Plan," but who did not receive any overtime compensation in weeks when they worked more than forty (40) hours.  (Doc. #10-1 ¶ 4.)

**Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *see also United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009). The district judge

reviews legal conclusions *de novo*, even in the absence of an objection.  *See Cooper-Houston v. So. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).  A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness.  *See Powell*, 628 F.3d at 1256-58.

## Discussion

On   July 28, 2015, Plaintiffs filed a Motion for Conditional Certification and Facilitation of Court – Authorized Notice Pursuant to 29 U.S.C. § 216 (Doc. #10).  The Defendant filed a response in opposition (Doc. #28) on September 14, 2015.  Judge Mirando issued a Report and Recommendation recommending the Plaintiffs' Motion for Conditional Certification and Facilitation of Court – Authorized Notice Pursuant to 29 U.S.C. § 216 (Doc. #10) be granted.  (Doc. #44.)  Defendant has two primary objections to the Report and Recommendation: (1) The Court should address the "discrete legal issue presented before addressing certification;" and (2) Plaintiffs have not carried their burden of establishing that there are other similarly situated individuals who wish to join this action.  (Doc. #49, pp. 5-16.)  Defendant alternatively argues that a ruling on certification should be stayed to permit discovery and a ruling on Defendant's Motion for Summary Judgment.  (Doc. #49, pp. 16-19.)  The Court will address each objection in turn.

*(1)    The Court should address the "discrete legal issue presented before addressing certification."*

Defendant asserts the Court has discretion to consider the dispositive issues before ruling on the class certification.  (Doc. #49, pp. 5-10.)  Specifically, Defendant argues the merits of Plaintiffs claims should be addressed before class certification because the plain language of the FLSA shows Plaintiffs' claims are frivolous.  Defendant

3

asks the Court to exercise its discretion by either denying the Plaintiffs' Motion for Conditional Certification, or by deferring ruling on certification until after a ruling on summary judgment is issued.

It is "within the court's discretion to consider the merits of the claims before their amenability to class certification." *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000); *see also Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1297 (11th Cir. 2005). However, Federal Rule of Civil Procedure 23(c) provides that the court should decide class certification at "an early practicable time." The Court has already ruled on Defendant's Motion to Dismiss (Doc. #43) and denied Defendant's Motion for Summary Judgment as premature (Doc. #42). Although the Court has discretion to address the merits of a claim before certifying the class, it declines to do so in the instant case. The Court finds that Judge Mirando properly addressed the issue of class certification separately from the merits of the case. Accordingly, Defendant's first objection is overruled.

*(2)     Plaintiffs have not carried their burden of establishing that there are other similarly situated individuals who wish to join this action.*

Defendant next argues that Plaintiffs have not identified similarly situated putative class members who desire to opt-in to this case. Defendant attacks Plaintiffs' evidence as insufficient to show that there are other class members who desire to join in the instant action.

Judge Mirando addressed Defendant's arguments in the Report and Recommendation and found them to be without merit. (Doc. #44, pp. 7-9.) Judge Mirando found that Plaintiffs have satisfied their burden of showing a reasonable basis that there are other employees who are similarly situated who desire to opt-in. The Court

agrees.  Here, there are two named plaintiffs, Corey Desimoni and James Reiter, plus three opt-in plaintiffs, Louis Rodriguez, Rex Earls, and Francis E. O'Brien III, who each filed consents to join.  Upon consideration of the lenient standard at this stage in the proceedings, the Court finds there is a reasonable basis to believe there are other employees who may desire to opt-in.  *See Robbins–Pagel v. Puckett*, No. 6:05–cv–1582–Orl–31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation.") (citation omitted).  Accordingly, Defendant's second objection is overruled.

Having reviewed the underlying Motion, Response, Report and Recommendation, and Objections, the Court overrules Defendant's Objections.  After examining the file carefully and independently, and upon considering Judge Mirando's findings and recommendations, the Court accepts and adopts the Report and Recommendation. Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #44) is **ACCEPTED AND ADOPTED** and the findings incorporated herein.

2.  Defendant's Objections (Doc. #49) are **OVERRULED**.

3.  Plaintiffs' Motion for Conditional Certification and Facilitation of Court – Authorized Notice Pursuant to 29 U.S.C. § 216 (Doc. #10) is **GRANTED in part**.

4.  Conditional certification is granted for the putative class of current and former mechanic/technicians who: (a) worked for Defendant within the state of Florida within the three (3) years preceding the date of the Notice; and (b) worked more than forty (40)

hours per week and were paid using a "Commission Pay Plan," but who did not receive any overtime compensation in weeks when they worked more than forty (40) hours.

5.   In strict compliance with the Report and Recommendation, Plaintiff shall file a revised notice for the Court's approval on or before July 14, 2016.

6.   Defendant shall advise the Court of any objection to the Plaintiff's compliance with the notice provision contained within the Report and Recommendation on or before July 18, 2016.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record

6