UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of all
similarly situated

        Plaintiffs,

v.                                        Case No:   2:15-cv-366-FtM-99CM

TBC CORPORATION,

        Defendant.
_____/

### ORDER[1]

This matter comes before the Court upon review of Plaintiffs' Amended Notice of Lawsuit (Doc. #62) filed on July 14, 2016.  Defendant filed Objections to the amended notice (Doc. #63) on July 19, 2016.  On July 28, 2015, Plaintiffs moved to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"). (Doc. #10.)  The Court accepted and adopted the Report and Recommendation (Doc. #44) granting Plaintiffs' motion in part.  (Doc. #60.)  Plaintiffs were instructed to file a revised notice in strict compliance with the Report and Recommendation.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Before turning to Defendant's objections, the Court will take this time to address some matters of concern. The Court takes note that neither party has complied with this Court's July 7, 2016 Order (Doc. #60). Plaintiffs' amended notice does not adhere to the Court's explicit instruction that it be in strict compliance with the Report and Recommendation. In addition, the Defendant's objections were filed after the deadline set by the Court and incorporate objections outside the scope allowed by the Court's Order. The Court's directives are not mere suggestions that the parties may choose to ignore. Any future filings by the parties that fail to comply with the Court's directives will be immediately stricken. However, due to the current posture of this case, and for the sake of judicial economy, the Court will address Defendant's untimely objections and shall authorize a notice that complies with the Report and Recommendation.

Defendant first objects to Plaintiffs' proposed definition of the putative class in the "To:" section. (Doc. #63, pp. 1-2.) Defendant asserts Plaintiffs' definition differs from the definition approved by the Court. The Court agrees and adjusts the language of the amended notice accordingly.

Defendant next objects to the second paragraph of Section 2 as misrepresenting Defendant's position (Doc. #63, p. 2.) Defendant provides replacement language for that section. The Court will incorporate Defendant's proposed language with a slight modification. Specifically, the Court omits the following language from the paragraph: "because the Court has already decided that Defendant's Mutual Agreement to Arbitrate is enforceable." The Court has only evaluated the arbitration agreements with regard to Plaintiff Corey Desimoni and opt-in Plaintiff Luis Rodriguez (Doc. #61) thus, including such language in the notice is inappropriate. Defendant also asks the Court to replace

the word "provide" with "authorize" in the last sentence of paragraph one.  The Court will modify the amended notice accordingly.

Defendant objects to the language used in Section 3 because it conflicts with the Court's Order.  (Doc. #63, p. 3.)  Defendant again provides proposed language which the Court will incorporate with a slight modification.  The Court omits the proposed language which prevents those who have signed arbitration agreements with Defendant from joining the action.  The Court finds that excluding potential class members based on alleged arbitration agreements is inappropriate at this stage in the proceedings.

Defendant also objects to Section 6 of Plaintiffs' amended notice because it does not adequately inform potential plaintiffs that they may be responsible for defendant's attorney fees and costs.  (Doc. #63, p. 3.)  The Court agrees and adjusts the language in the amended notice accordingly.

Defendant further objects to the amended notice describing Plaintiff Corey Desimoni as an agent for, or as having authority to act on behalf of, putative class members.  (Doc. #63, p. 4.)  Defendant asserts that since Desimoni has been ordered to arbitrate his claims against Defendant he is no longer actively participating in this action.  The Court disagrees.  Although this action is stayed with regard to Desimoni's claims, he remains a plaintiff in this case until the Court determines otherwise and may therefore, remain in the amended notice as an authorized agent.

Defendant objects to the first sentence of Section 8 of the amended notice asserting the wording used is misleading.  (Doc. #63, p. 5.)  Defendant proposes certain language that complies with *Lynn's Food Stores, Inc. v. United States Department of*

*Labor*, 679 F.2d 1350 (11th Cir. 1982). The Court will adjust the language in the amended notice accordingly.

Finally, Defendant objects to the amended notice stating individuals have a right to bring a claim in "a forum of your choosing." Defendant asserts such references are misleading because anyone who has entered into an arbitration agreement is limited to proceeding in arbitration. The Court finds Defendant's objection is without merit. As discussed above, the Court has only made determinations about arbitration with regard to Plaintiff Corey Desimoni and opt-in Plaintiff Luis Rodriguez. Therefore, the Court finds such language is not misleading and may remain in the amended notice.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs are **AUTHORIZED** to send the Notice of Lawsuit and the Consent to Join Collective Action, with a self-addressed return envelope, to all putative class members by first-class mail **on or before August 5, 2016**. The "Notice of Lawsuit" and the associated "Consent to Join" shall be in the same form as those attached as Exhibits A and B to this Order. Upon mailing the Notice and Consent to Join, Plaintiffs' counsel shall promptly file a notice of compliance.

(2) Putative class members shall have until **September 19, 2016** to complete and return the Consent to Join Collective Action form to Plaintiffs' counsel. Each Consent to Join returned to Plaintiffs' counsel shall be deemed timely if post-marked, or delivered to a commercial carrier who provides a receipt, by **September 19, 2016**.

(3) Individuals who timely opt into this collective action pursuant to this Court's supervised notice procedure shall be deemed joined as opt-in plaintiffs for all purposes

under the Federal Rules of Civil Procedure and under the orders of this Court through trial and appeal, if any, subject to any motion for decertification or representative discovery, and may be represented at any settlement, mediation or trial by the named Plaintiffs at the time, pending further orders of the Court.

(4)   Upon conclusion of the notice period, Defendant shall inform the Court which, if any, opt-in plaintiffs may be subject to an arbitration agreement with Defendant. At that time Defendant may file a motion to compel arbitration with regard to those plaintiffs if it so chooses.

(5)   From the date of this Order through the date that the notice period ends, Defendant shall post a copy of the Notice of Lawsuit in a conspicuous location at each of their locations where a putative class member is currently employed.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of July, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record