## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of
all similarly situated

      Plaintiffs,

v.                                                      Case No:  2:15-cv-366-FtM-99CM

TBC CORPORATION,

      Defendant.

_____

### <u>ORDER</u>

This matter comes before the Court upon review of Plaintiffs' Motion for Miscellaneous Relief (Doc. 134) filed on November 7, 2016.   Plaintiffs seek relief from the Court's Fair Labor Standards Act Scheduling Order ("Scheduling Order") requiring the parties to meet in person for the purpose of discussing resolution of this matter.   Doc. 134 at 1.   The parties were on notice of their requirement to meet in person since August 22, 2016.   Doc. 69.   Their first deadline to do so was October 27, 2016.   Doc. 69.   After the Court found that the parties failed to comply with its Scheduling Order, and it appearing that the parties were unprepared to comply with the deadlines, the Court extended the parties' deadline to meet in person in a good faith effort to settle all pending issues to November 8, 2016.   Doc. 109 at 1-2.   One day prior to the expiration of the extended deadline, Plaintiffs filed the instant motion.   Counsel for the Defendant "did not have an opinion" regarding the relief sought in the motion.   Doc. 134.

The Court's Scheduling Order directs counsel for the parties to "meet and confer *in person* in a good faith effort to settle all pending issues, including attorneys' fees and costs."  Doc. 69 at 2 (emphasis added).  This Court has emphasized that "the most advantageous vehicle through which to encourage early discussion and possible resolution of FLSA cases is the conduct of an in-person settlement conference between counsel before the general discovery phase begins."  *Vega v. Circle K Stores, Inc.*, No. 2:14-cv-298-FtM-38CM, 2014 WL 4101642, at *2 (M.D. Fla. Aug. 20, 2014). The Court is not persuaded by any of the reasons offered by Plaintiffs to dispense with this requirement; particularly, Defendant's non-compliance with Court orders is not a basis to relieve the parties from compliance with any other orders.  The Court will grant Plaintiffs' alternative relief and extend the deadline to December 2, 2016 by which counsel for Plaintiff and Defendant shall meet and confer in person in a good faith effort to settle all pending issues, including attorneys' fees and costs.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Motion for Miscellaneous Relief (Doc. 134) is **GRANTED in part and DENIED in part**.  By **December 2, 2016**, counsel for Plaintiffs and Defendant shall meet and confer in person in a good faith effort to settle all pending issues, including attorney's fees and costs.

   **DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of November,

2016.


                                          CAROL MIRANDO
                                          United States Magistrate Judge

Copies:
Counsel of record