UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of
all similarly situated

        Plaintiffs,

v.                                    Case No: 2:15-cv-366-FtM-99CM

TBC CORPORATION,

        Defendant.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Defendant's Motion to Preclude Class Arbitration (Doc. 144)[2] filed on December 13, 2016. Plaintiffs filed a response (Doc. 151) on January 27, 2017, and Defendant filed a reply (Doc. 155) on February 21, 2017. For the reasons discussed below, the undersigned respectfully recommends that the motion be granted.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

I. Background

On June 19, 2015, Plaintiffs Corey Desimoni ("Desimoni") and James Reiter ("Reiter") filed this action on behalf of themselves and other similarly situated individuals against their former employer, TBC Corporation ("TBC" or "Defendant"), alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. 1. Defendant previously moved to compel arbitration with respect to Plaintiff Desimoni and opt-in Plaintiff Luis Rodriguez ("Rodriguez") on the premise that each of them signed agreements to arbitrate their claims.[3] Doc. 19. Defendant did not seek collective or class arbitration nor did the Court conditionally certify a class at that time. *See id.* After conducting an evidentiary hearing, the undersigned found the arbitration agreements to be valid and enforceable and recommended that the claims of Desimoni and Rodriguez be stayed pending arbitration. Doc. 57. The Honorable Sheri Polster Chappell adopted the Report and Recommendation and ordered Desimoni and Rodriguez to proceed to arbitration. Doc. 61 at 2. On the same day, the Court granted Plaintiffs' Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 USC § 216. Doc. 60. Thereafter, more than 150 opt-in Plaintiffs joined this lawsuit. *See* Docs. 70 through 104. Defendant states that it promptly identified to Plaintiffs' counsel those opt-in Plaintiffs who were bound by identical arbitration agreements.[4]

---

[3] The agreements, which are identical, are titled Mutual Agreement to Arbitrate Claims and Waiver of Class/Collective Actions (Doc. 19-2; Doc. 144-1 at 4-347), to which the Court will refer as the "arbitration agreement(s)."

[4] As explained by the undersigned in its previous Report and Recommendation (Doc. 57 at 2), beginning October 2013 through present, all of TBC's new hires were required to sign identical arbitration agreements. *See* e.g., Doc. 19-2.

On October 19, 2016, Desimoni on behalf of himself and "all opt-ins that Defendant identified as being subject to the Arbitration Agreement and all similarly situated," filed an arbitration demand with the American Arbitration Association ("AAA"). Doc. 108-1. Desimoni identified 152 opt-in Plaintiffs on whose behalf he filed a demand for arbitration. Doc. 108-4. Defendant claims each of those individuals have signed identical arbitration agreements that explicitly prohibit class or collective arbitration. Doc. 144 at 1-2. Defendant requests that the Court order Desimoni to withdraw his demand for class or collective arbitration. *Id.* at 2. The arbitration agreements provide, in relevant part:

> the parties agree that no Claims may be initiated or maintained on a class action basis, collective action basis, or representative action basis either in court or arbitration. Any Claims must be brought in a party's individual capacity, and such claim may not be joined or consolidated in arbitration with Claims brought by other individuals. . . . Any issue concerning the enforceability or validity of this waiver must be decided by a court, and not by an arbitrator.

Doc. 19-2.

Plaintiffs make four arguments in their response: (1) the Court lacks jurisdiction to preclude class arbitration; (2) Defendant's motion is untimely; (3) the principles of contract interpretation require the Court to construe the arbitration agreements so as to preclude the requested relief; (4) Defendant's motion constitutes impermissible forum shopping. Doc. 151. The undersigned finds that each of Plaintiffs' arguments lacks merit.

## II.  Analysis

The Supreme Court has instructed that the Federal Arbitration Act ("FAA") "places arbitration agreements on an equal footing with other contracts," and courts must enforce them according to their terms. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (citations omitted).  That is so even when the claims at issue are federal statutory claims, unless the FAA mandate has been "overridden by a contrary congressional command." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Shearson/Am. Express Inc. v. McMahon,* 482 U.S. 220, 226 (1987)).  In fact, the Supreme Court has over and again reiterated "that that the central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 682 (2010) (citations omitted).  "[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 1775 (emphasis in the original).

Parties to an arbitration agreement may delegate who has authority to determine the enforceability of the agreement, and the Court must enforce such delegation provision, unless a party specifically challenges it. *Rent-A-Ctr., W., Inc., 561 US at 65*.  As the Supreme Court has explained, "[t]he delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* at 68–69 (citations omitted).  As

with any contract, parties are free to craft the terms of their arbitration agreement so that an arbitrator, and not the court, determines the issue of arbitrability, "including the gateway issue of the enforceability of a class-action waiver." *Marc v. Uber Techs., Inc.*, No. 2:16-cv-579-FTM-99-MRM, 2016 WL 7210886, at \*3 (M.D. Fla. Dec. 13, 2016) (citation omitted). If so, however, the agreement must "clearly and unmistakably" provide for such delegation to the arbitrator. *Id.* (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

At issue here is the enforceability of the class or collective action waiver. The arbitration agreement specifically and unambiguously provides that the court, and not the arbitrator, must decide "[a]ny issue concerning the enforceability or validity of this waiver." Doc. 19-2 at 1. In fact, in granting Defendant's motion to compel arbitration as to Desimoni and Rodriguez, the Court specifically considered whether the inclusion of a waiver of collective actions rendered the agreement unenforceable, and held that it did not. Doc. 57 at 16; Doc. 61. In so doing, the Court cited *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1335-36 (11th Cir. 2014), in which the Eleventh Circuit held that Section 16(b) of the FLSA does not provide for a nationwide, substantive right to bring a collective action and that arbitration agreements waiving the ability to bring collective actions are enforceable under the FAA. At that time, Plaintiffs did not argue that the class action waiver violates the National Labor Relations Act ("NLRA"). Upon a review of Desimoni's arbitration agreement, the Court found that "it clearly waives a party's right to bring a collective action in any forum." Doc. 57 at 16; Doc. 61.

Despite the Court's Order that only Desimoni and Rodriguez shall proceed to arbitration, Desimoni filed a demand for collective arbitration, prompting Defendant to file the instant motion. Plaintiffs now argue that Defendant's motion should be denied because it falls outside this Court's jurisdictional authority. Doc. 151 at 2. Plaintiff contends that a National Labor Relations Board ("NLRB") Administrative Law Judge ("ALJ") found Defendant's class action waiver provision in the arbitration agreement to be in violation of federal labor law. *Id.* at 3-4. As such, this Court does not have jurisdiction to overturn the opinion of the NLRB's ALJ.

On October 14, 2016, an NLRB ALJ issued a decision on Rodriguez's unfair labor practices charges against Defendant. Doc. 108-2. The ALJ acknowledged that on June 9, 2016, the undersigned entered a Report and Recommendation to compel arbitration, which the district judge accepted and adopted. *Id.* at 5. Nevertheless, the ALJ found he was bound by NLRB's precedent in *In Re D.R. Horton, Inc.*, 357 N.L.R.B. 2277 (2012) and *Murphy Oil Usa, Inc.,* 361 N.L.R.B. No. 72 (Oct. 28, 2014) that found class action waivers violate substantive rights under section 7 of the NLRA, 29 USC § 157,[5] and are therefore unlawful. *Id.* at 7. Thus, the ALJ concluded, "[b]ased on current Board decisional law, [TBC's] class action waiver unlawfully restricts the Section 7 rights of employees." *Id.* at 8.

---

[5] Section 7 of the NLRA vests employees with the right to engage in "concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C.A. § 157.

First, Plaintiff's contention that this Court lacks jurisdiction to determine the validity of the collective action waiver lacks merit. While the FAA "does not supply an independent basis for federal jurisdiction," *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1252 (11th Cir. 2011) (citation omitted), Section 4 of the FAA affords an aggrieved party under an arbitration agreement the right to petition for an order compelling arbitration consistent with such agreement in "any United States district court which, save for such agreement, would have jurisdiction under Title 28." 9 USC § 4. Title 28 of the United States Code grants federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Cmty. State Bank,* 651 F.3d at 1251 (citation omitted). Here, Plaintiffs' complaint, brought pursuant to the FLSA, specifically avers that this Court has jurisdiction under 28 U.S.C. § 1331. Doc. 1 at 3. Plaintiffs have provided no compelling reason or cited any case law why this Court now lacks jurisdiction to determine the issue at hand.

Turning to the ALJ's decision, *In re D.R. Horton, Inc.* and *Murphy Oil Usa Inc.* held that the right to bring a collective or class action is a substantive right under Section 7 of the NLRA, which cannot be waived. *In Re D. R. Horton, Inc.*, 357 N.L.R.B. at 2278; *Murphy Oil Usa, Inc.*, 361 N.L.R.B. No. 72, at *10. These NLRB holdings are in conflict with the Eleventh Circuit's decision in *Walthour*, which unequivocally held that an agreement to waive the right to a collective action under

the FLSA involves merely a procedural right, and is therefore enforceable under the FAA. *Walthour*, 745 F.3d at 1336 (11th Cir. 2014). While the court in *Walthour* considered the issue of whether the class and collective waiver provisions violate a substantive right conferred by the FLSA, and not the NLRA, the holding nevertheless is applicable. The court framed the issue of "the right to bring a collective action on behalf of others" as a "litigation mechanism," a mere *procedural* right. *Id.* at 1337. Moreover, after the NLRB's decision in *D.R. Horton, Inc.*, the Fifth Circuit later denied enforcement of the Board's ruling, concluding that the decision did not give proper weight to the FAA, and the arbitration agreement waiving collective action had to be enforced according to its terms. *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344 (5th Cir. 2013). The Fifth Circuit held that the NLRA is not "the only relevant authority" because "the FAA has equal importance." *Id.* at 357. The *Walthour* court cited with approval the Fifth Circuit opinion "determining that the National Labor Relations Act does not contain a contrary congressional command overriding the application of the FAA." *Walthour*, 745 F.3d at 1336 (citing *D.R. Horton Inc.*, 737 F.3d at 362). Moreover, the court noted, "[i]n every case the Supreme Court has considered involving a statutory right that does not explicitly preclude arbitration, it has upheld the application of the FAA." *Id.* (citing *D.R. Horton, Inc.*, 737 F.3d at 357 n. 8.)

Courts in this district to have considered the issue similarly have rejected the argument that the NLRA prohibits class or collective action waivers in light of Eleventh Circuit precedent. *See Levison v. MasTec, Inc.*, No. 8:15-cv-1547-T26AEP,

2015 WL 5021645, at *2 (M.D. Fla. Aug. 25, 2015); *Steingruber v. Family Dollar Stores of Florida, Inc.*, No. 3:15-cv-199-J-20JBT, 2015 WL 10818618, at *4 (M.D. Fla. Aug. 13, 2015); *De Oliveira v. Citicorp N. Am.*, Inc., No. 8:12-cv-251-T-26TGW, 2012 WL 1831230, at *1 (M.D. Fla. May 18, 2012) (relying on *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir.2005). Plaintiffs neither acknowledge nor distinguish these cases.[6] Plaintiffs have provided no binding authority to persuade this Court that the law has changed or that it should follow anything other than the controlling authority cited herein. Accordingly, in light of the foregoing authority, the undersigned recommends that the collective action waiver is valid and the arbitration agreements are enforceable.[7]

---

[6] Other circuit courts to have considered it are split on the issue. In addition to the Fifth, the Second and Eighth Circuits also have rejected the NLRB's decision *In re D.R. Horton Inc.* *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297-98, n.8 (2d Cir. 2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1053-54 (8th Cir. 2013). On the other hand, the Seventh and Ninth Circuits have agreed with the NLRB's decision. *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert. granted*, No. 16-285, 2017 WL 125664 (U.S. Jan. 13, 2017); *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted,* No. 16-300, 2017 WL 125665 (U.S. Jan. 13, 2017). Meanwhile, numerous district courts considering the issue have rejected the argument that the NLRA prohibits class or collective action waivers. *See e.g.*, *Pollard v. ETS PC, Inc.*, 186 F. Supp. 3d 1166, 1182-84 (D. Colo. 2016); *Bell v. Ryan Transp. Serv., Inc.*, 176 F. Supp. 3d 1251, 1261-62 (D. Kan. 2016); *Tenet HealthSystem Philadelphia, Inc. v. Rooney*, No. 12-mc-58, 2012 WL 3550496, at *4 (E.D. Pa. Aug. 17, 2012).

[7] In their response, Plaintiffs also argue that the term "court" in the agreement includes the administrative agency and that "Defendant has already availed itself of such a forum with the opportunity to present evidence and reasoned legal argument to an [ALJ]." Doc. 151 at 8. As Defendant points out, however, the arbitration agreement separately refers to (1) "a court" and "a court of competent jurisdiction," (2) "arbitration" and "an arbitrator," and (3) "[p]roceedings under the National Labor Relations Board." Doc. 19-2 at 1, 3. The parties having referred separately to those three distinct concepts, the undersigned cannot presume that they must be read synonymously. *See also Shepard v. N.L.R.B.*, 459 U.S. 344, 351 (1983) (holding that the NLRB is not a "court").

Plaintiffs' remaining arguments are unavailing. Plaintiffs argue that the AAA Supplementary Rules for Class Arbitrations ("Supplementary Rules") apply, and Rule 3 of the Supplementary Rules bestows upon the arbitrator the jurisdiction to determine whether the agreement permits the arbitration to proceed on behalf of the class. Doc. 151 at 5. Defendant, however, attaches a letter from the AAA expressly advising the parties that Supplemental Rules do not apply in this matter. Doc. 155-1 at 1. Thus, this contention is without merit.

Plaintiffs next argue that Defendant's motion is untimely because it failed to comply with Rules 4(b)(ii) and 6(c) of the Employment Arbitration Rules and Mediation Procedures. Doc. 151 at 4-6. Rule 4(b)(ii) states that the Respondent "may file an Answer with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand." Doc. 155-2 at 16. Rule 6(c) mandates that any objection "to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim" must be filed "no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection." *Id.* at 17. It further states, "the arbitrator may rule on such objections as a preliminary matter or as part of the final award." *Id.*

Here, the date of the letter from AAA acknowledging receipt of the arbitration demand was November 18, 2016. Doc. 155-1 at 1. That same letter advised Defendant that it would have until December 5, 2016 to file its answer, otherwise, the AAA "will assume a general denial." *Id.* Defendant did, in fact, file an answer

on December 5, 2016. Doc. 155-3. The first paragraph of Defendant's answer states:

> Claimant and all putative class or collection action claimants entered into a Mutual Agreement to Arbitrate Claims and Waiver of Class/Collective Actions, wherein each of them agreed that he or she would not bring claims against Respondent on a class or collective basis. Accordingly, Respondent denies that class or collective arbitration is appropriate, and denies that Claimant may maintain this action on a class or collective basis. In accordance with the plain language of the arbitration agreement, Respondent will be filing a motion in Court for an Order prohibiting Claimant and the putative class or collective action claimants from pursuing claims on a class or collective basis.[8]

Id. at 1. Moreover, on November 18, 2016, TBC informed the Court that it was filing a motion to preclude class arbitration and sought leave to either exceed the page limit on such forthcoming motion or to file a reply to Plaintiffs' anticipated response. Doc. 136. Within one week of the Court's ruling on that motion, TBC filed the instant motion. Doc. 142; Doc. 144. Based on these circumstances, the undersigned recommends that TBC's motion is timely.

Finally, Plaintiffs argue that Defendant is engaging in impermissible forum shopping. It is ironic that Plaintiffs make this argument in light of the following. Plaintiffs initiated this lawsuit in this Court. Before Rodriguez filed his charge with the NLRB, the Court held that the collective action waivers in the arbitration agreements were valid and enforceable. Doc. 57; Doc. 61. In Plaintiffs' response to

---

[8] TBC inserted a footnote here stating: "That motion has not yet been filed because the Court has been asked to first rule on preliminary procedural matters relating directly to the motion. *See Desimoni v. TBC Corp.*, Case No. 2:15-cv-00366-UA-CM, Docket Entry 136 (M.D. Fla. Nov. 18, 2016)." TBC here was referring to its Motion for Leave to File Reply Brief or, Alternatively for Leave to File Motion Exceeding 25-Page Limitation that it filed on November 18, 2016 that was directly related to the instant motion. Doc. 136.

Defendant's motion to compel Desimoni and Rodriguez to arbitrate their claims, they stated "it is clear that Defendant intended that any collective action be litigated in court rather than arbitration. The purported agreement produced by Defendant does not permit collective actions in arbitration. However, it allows for collective actions in court." Doc. 27 at 10. Although the Court ordered only one of the named Plaintiffs (Desimoni) and one opt-in Plaintiff (Rodriguez) to arbitrate their claims, Desimoni filed a demand for class or collective arbitration. Defendant is seeking redress that the Court has already previously granted it, but with which Plaintiffs did not comply. The Court recommends that there is no basis to conclude that Defendant engaged in impermissible forum shopping.

### III.    Conclusion

In conclusion, because the arbitration agreement expressly mandates individual arbitration and because the Court in following Eleventh Circuit precedent recommends that the collective action waiver is enforceable, the FAA requires enforcement of the arbitration agreements according to their terms, which in this case, means individual, not collective arbitration.

ACCORDINGLY, it is hereby respectfully

**RECOMMENDED:**

1. Defendant's Motion to Preclude Class Arbitration (Doc. 144) be **GRANTED**;
2. Plaintiff Desimoni be ordered to withdraw his demand for class or collective arbitration.

<mark>

**DONE** and **ENTERED** in Fort Myers, Florida on this 13th day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record