UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of all
similarly situated,

        Plaintiffs,

v.                                     Case No:  2:15-cv-366-FtM-99CM

TBC CORPORATION,

        Defendant.
_____/

## OPINION AND ORDER[1]

    This matter comes before the Court on United States Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 158) dated March 13, 2017.  Judge Mirando recommends granting Defendant's Motion to Preclude Class Arbitration.  (Doc. 144).  The parties have filed timely objections to the Report and Recommendation, and Defendant has responded to Plaintiffs' objections.  (Doc. 159; Doc. 160; Doc. 162).  For the reasons set forth below, the Report and Recommendation is accepted and adopted.

## BACKGROUND

    Corey Desimoni and James Reiter initiated this action on June 19, 2015 by filing a one-count Complaint (Doc. 1) on behalf of themselves and other similarly-situated

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

individuals against their former employer, TBC Corporation (Defendant or TBC).[2] Plaintiffs claim they (and others) were misclassified and therefore denied overtime compensation in violation of the Fair Labor Standards Act (FLSA). On July 7, 2016, the Court compelled arbitration as to Desimoni and opt-in claimant Luis Rodriguez and ordered that they proceed to arbitration on an individual basis. (Doc. 61). The Court also conditionally certified the case as a collective action on that same day. (Doc. 60). Following this Court's Order compelling individual arbitration as to Desimoni and Rodriguez, Desimoni and Rodriguez filed a Class Arbitration Demand before the American Arbitration Association (AAA), identifying 152 opt-in Plaintiffs from this case as parties to the arbitration demand. (Doc. 108-1, ¶ 48; Doc. 108-4).

Defendant states that each of the 152 opt-in Plaintiffs signed identical Arbitration Agreements that explicitly prohibit class or collective arbitration, and therefore moves to preclude class arbitration from going forward. (Doc. 144 at 1-2, Ex. A). In support, Defendant submits the signed Arbitration Agreement for each of the 152 opt-in Plaintiffs. (Doc. 144-1). Defendant requests that the Court order Desimoni to withdraw his demand for class or collective arbitration and order that the 152 Plaintiffs submit to arbitration on an individual basis in compliance with this Court's Order (Doc. 61) and the Arbitration Agreements they signed and agreed to.

Judge Mirando found that the Arbitration Agreement specifically provides that a court, and not an arbitrator, must decide any issue concerning the enforceability or validity of a class and collective action waiver. (Doc. 158 at 4-5). Upon review of the waiver,

---

[2] TBC's sole objection to the Report and Recommendation is that it did not employ Desimoni or Reiter. (Doc. 160). The Court accepts that the Complaint alleges that Plaintiffs were employed by TBC (Doc. 1, ¶ 62), but this has no bearing on the Court's consideration of the Report and Recommendation.

Judge Mirando found that the Arbitration Agreement waives a party's right to class arbitration, relying in part on the Eleventh Circuit's opinion in *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334-35 (11th Cir. 2014). Judge Mirando recommends that Desimoni be ordered to withdraw his demand for class or collective arbitration.

## LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations, 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Plaintiffs argue that the Report and Recommendation fails to interpret the Arbitration Agreement and that the agreements are contradictory as to whether an arbitrator or a court may determine the construction of an arbitration clause and Plaintiffs believe that the arbitrator should decide the ultimate meaning of the agreements. Specifically, Plaintiffs argue that although the agreements state that a court will determine the validity of a waiver and that the parties waive class or collective arbitration, the agreements also state that the AAA Supplementary Rules for Class Arbitrations will apply,

and incorporates the AAA Rules.  The AAA Rules state that an arbitrator will interpret the arbitration clause.   Yet, in this regard the Arbitration Agreement states:

> Any Arbitration will be in accordance with the then current employment arbitration rules and procedures of AAA, except to the extent any such rules and/or procedures are in conflict with any express term of this Agreement, in which case such term of this Agreement will control.

(Doc. 19-2 at 2).

As Judge Mirando correctly determined, the Arbitration Agreement explicitly states that any claims against TBC must proceed to arbitration as individual claims only.  (*Id.* at ¶¶ 1-2).   Although Plaintiffs believe that Judge Mirando should have conducted an analysis of the parties' intent in drafting the Arbitration Agreement, and construe it against Defendant as the drafter, the contract's language is the best evidence of the parties' intent, and a court should look to the contract's plain meaning when interpreting it.  *Royal Oak Landing Homeowner's Ass'n, Inc. v. Pelletier*, 620 So. 2d 786, 788 (Fla. 4th DCA 1993); *Herpich v. Estate of Herpich*, 994 So. 2d 1195, 1197 (Fla. 5th DCA 2008).  The Court finds no error in Judge Mirando's analysis.

Under the terms of the Arbitration Agreement which are particularly broad, the parties agreed that a judge, not an arbitrator, would decide whether Plaintiffs' claims must proceed to arbitration as individual claims only or may proceed to arbitration on behalf of a class.[3]  (Doc. 19-2.)  Under the Agreement, class arbitration is forbidden and the parties agreed to individual arbitration.  Parties may agree to collective action and classwide arbitration waivers in arbitration agreements.  *Walthour*, 745 F.3d at 1334-35; *Cruz v.*

---

[3] The arbitrator below recently entered an Order Staying Arbitration pending this Court's ruling on the instant motion.  (Doc. 163-1).  The arbitrator left open the issue of whether it will stay consideration of the arbitration until the U.S. Supreme Court's decision in the matters of *Ernst & Young, LLP v. Morris*, *NLRB v. Murphy Oil USA Inc.*, and *Epic Systems Corp. v. Lewis*, which involve the lawfulness of class and collective action waivers in arbitration agreements.

*Cingular Wireless, LLC*, 648 F.3d 1205, 1215-16 (11th Cir. 2011) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011)) (finding that to the extent Florida law would require the availability of classwide arbitration procedures, it would be inconsistent with and preempted by FAA § 2).

According to the FAA, any "written [arbitration] provision in ... a contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Accordingly, the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). A court may only order parties to arbitration when it is "satisfied that the making of the agreement for arbitration ... is not in issue." 9 U.S.C. § 4. "The principal purpose of the [Federal Arbitration Act (FAA)] is to ensure private arbitration agreements are enforced according to their terms." *Concepcion*, 563 U.S. at 344.

The Court previously directed Plaintiffs Desimoni and Rodriguez to proceed to individual arbitration. (Doc. 61). Instead, Desimoni filed a demand for arbitration on their behalf, and on behalf of 152 opt-in Plaintiffs, arguing that the Arbitration Agreement allows him to do so or is at least ambiguous whether he may. Yet, this is in contravention of the plain language of the Arbitration Agreements which Plaintiffs have not disputed that each of the 152 opt-in Plaintiffs signed and agreed to.[4] *See* Doc. 144-1. Therefore, all Plaintiffs

---

[4] The Court is mindful that the National Labor Relations Board Administrative Law Judge found that Defendants' class action waiver provision in the Arbitration Agreement to be in violation of

in this matter currently before the American Arbitration Association (Doc. 108-1; Doc. 108-4 (list)), may only proceed to arbitration individually and not on behalf of a class.[5] The Court also notes that Defendant submitted an Arbitration Agreement signed by opt-in Plaintiff Agustin Benitez (Doc. 144-1, pp. 16-19), but Benitez was not included in the Class Arbitration Demand (Doc. 108-4). Because Benitez agreed to arbitration he must proceed to arbitration as well. This matter will be stayed as to these Plaintiffs for the duration of the arbitration.

The remaining opt-in Plaintiffs not currently proceeding to arbitration have been moving forward with litigating this case, including filing responses to the Court's Interrogatories.[6] *See* Docs. 110-133. Although the FLSA Scheduling Order (Doc. 69) requires that the interrogatories be answered under oath or penalty of perjury, numerous interrogatory responses were unsigned. *See* Docs. 122-133. Furthermore, the Court has received no interrogatory responses from Plaintiff James Reiter and he was not included in the Arbitration Demand. Therefore, the Court will enter a new FLSA Scheduling Order which will govern the collective action Plaintiffs under separate cover. The schedule will

---

federal labor law, and Defendant is appealing that decision to the NLRB. (Doc. 108-2; Doc. 159 at 8). Judge Mirando addressed this in her Report and Recommendation (Doc. 158 at 5-6) and found that the ALJ's decision does not strip the Court's jurisdiction under the FLSA to determine the issues raised in the case. The Court agrees. While orders of the NLRB enjoy considerable deference, they are not binding precedent. *See NLRB v. U.S. Postal Serv.*, 888 F.2d 1568, 1570-71 (11th Cir. 1989).

[5] Given the Court's finding, to the extent that Desimoni and Rodriguez continue to pursue claims at arbitration on behalf of a class, it is doubtful the Court would enforce any resulting class arbitration award.

[6] Indeed, three opt-in Plaintiffs who are included in the arbitration demand also filed responses to the Court's interrogatories. (Docs. 110-1 Guillermo Jimenez, 120-1 Jason Stacy, 129-1 Jeffery Miller).

include a deadline for <u>signed</u> responses to the Court's Interrogatories to be filed. The Court attaches a list of the collective action Plaintiffs to this Opinion and Order.[7]

Accordingly, it is now

**ORDERED:**

(1)     United States Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 158) is **ACCEPTED and ADOPTED,** and its findings incorporated herein.

(2)     Defendant's Motion to Preclude Class Arbitration (Doc. 144) is **GRANTED**.

(3)     The case remains **stayed** as to Plaintiff Corey Desimoni and opt-in Plaintiffs Luis Rodriguez and Augustin Benitez, and the 152 opt-in Plaintiffs identified in Attachment C to the arbitration demand before the American Arbitration Association (*See* Doc. 108-4), pending notification these Plaintiffs have exhausted arbitration and the stay is due to be lifted or the case is due to be dismissed. **The Clerk is directed to add a stay flag to this case**. Plaintiffs' counsel is directed to file a status report regarding the arbitration beginning on **May 18, 2017**, and every 90 days thereafter.

(4)     This case will remain open and proceed on all Plaintiffs listed in the attachment to this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[7] The attached list encompasses all individuals who have opted-in to the collective action but were not included in the Arbitration Demand, and for which the Court has not otherwise received an Arbitration Agreement.