UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY DESIMONI and JAMES
REITER, individually and on behalf of
all similarly situated

      Plaintiffs,

v.                                                                  Case No:   2:15-cv-366-FtM-99CM

TBC CORPORATION,

      Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Lift Stay, Approve Settlement, and for Dismissal (Doc. 176) filed on August 23, 2017. The parties provided a copy of the Proposed Release and Settlement Agreement. Doc. 176-1. The parties request that the Court lift the stay, approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim, and dismiss the case with prejudice. Doc. 176. For the reasons set forth herein, the Court recommends that the stay be lifted, the settlement be **APPROVED** and the case be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must

scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Plaintiffs, Corey Desimoni and James Reiter, on behalf of themselves and all others similarly situated, brought this action against Defendants alleging that Defendant did not compensate them with overtime pay in violation of the FLSA. Doc. 1 at 6-7. Defendant is a corporation engaged in business in Florida. *Id.* ¶ 22. Desimoni, Reiter, and the opt-in plaintiffs (collectively, "Plaintiffs") are mechanics/technicians in the state of Florida employed by plaintiff between 2012 and 2015. *Id.* ¶¶ 62, 68-70. The Complaint alleges that Defendant misclassified its Florida mechanics/technicians as exempt pursuant to 29 U.S.C. § 207(i). Id. ¶ 67. Plaintiffs allege that Defendant did not fully compensate them for their overtime work as they were paid less than 150% of the proper minimum wage in some or all workweeks that they worked over forty hours. Id. ¶¶ 68, 71.

On July 7, 2016, the Court granted provisional certification under Section 216(b) of the FLSA to the class of current and former mechanic/technicians who: (a) worked for Defendant within the state of Florida within the three (3) years preceding the date of the Notice; and (b) worked more than forty (40) hours per week and were paid using a "Commission Pay Plan," but who did not receive any overtime compensation in weeks when they worked more than forty (40) hours. Doc. 60. On August 5, 2016, the Court granted approval of the Proposed Notice pursuant to Section 216(b) of the FLSA (Doc. 66), and subsequently one hundred and seventy-four (174) putative class members opted-in to the FLSA claim, not including Plaintiffs

Desimoni and Reiter.[2]   Doc. 176 at 3.   On October 19, 2016 Desimoni filed a Class

Arbitration Demand with the American Arbitration Association ("AAA") on behalf of

all Opt-In Plaintiffs who Defendant alleged had executed arbitration agreements

covering the claims raised in the instant case.   Doc. 108.   A dispute regarding the

appropriateness of class arbitration followed. *See generally*, Docs. 144, 151, 155, 158,

159, 162, 164.

On April 10, 2017, while the dispute regarding class arbitration was still

ongoing, the Honorable William Lemons, arbitrator in the AAA class arbitration,

issued a *sua sponte* order staying arbitration pending the resolution of *Ernst & Young

LLP v. Morris*, *NLRB v. Murphy Oil USA, Inc.*, and *Epic Systems Corporation v.

Lewis*, which are currently pending before the United States Supreme Court.   Doc.

176 at 5-6.   One week later, the Honorable Sheri Polster Chappel adopted the

undersigned's Report and Recommendation, granted Defendant's Motion to Preclude

Class Arbitration (Doc. 144), and stayed this case pending notification that Plaintiffs

had exhausted arbitration and the stay was due to be lifted or that the case was due

to be dismissed.   Doc. 164.

Following the service of arbitration demands, the parties agreed to stay

arbitration proceedings to conduct pre-arbitration mediation.   Doc. 169.   A formal

mediation occurred on June 27, 2017, before the Honorable John Roach, a former

Chief Justice of the Kentucky Supreme Court who is experienced in class action wage

---

[2] Opt-In Plaintiffs James Bargeron and Rex Earls asked that their Consents to Join be withdrawn prior to the Parties' resolution of this matter.   Docs. 173, 174.   Formal Notices of Withdrawal were filed on July 31, 2017. *Id.*

disputes.  Doc. 176 at 7, n. 6.  While the parties were not successful in reaching an agreement at that time, they were able to reach an agreement on July 12, 2017, following extensive negotiations.  Docs. 172, 176 at 7-8.

In the proposed Settlement Agreement, Defendants agreed to pay Desimoni and Reiter and all opt in plaintiffs who filed a Consent to Join (except Bargeron and Earls, as noted) a settlement amount totaling two hundred and fifty thousand dollars ($250,000.00).  Doc. 176-1 at 3, ¶ 1.  The settlement provides that one hundred twenty-nine thousand, seven hundred eighty-three dollars and seventy-eight cents ($129,783.78) be paid to Desimoni, Reiter, and the opt-in plaintiffs according to the distribution provided in Exhibit A to the Settlement Agreement (Doc. 176-1 at 12-16) and one hundred twenty thousand, two hundred and sixteen dollars and twenty-two cents ($120,216.22) be paid to Plaintiffs' counsel as attorneys' fees, costs and expenses.  Doc. 176-1 at 3, ¶ 1.

Each party was independently represented by counsel with extensive experience in litigating claims under the FLSA, who vigorously represented their clients' rights.  Doc. 176 at 18.  The parties submit that the length of the proceedings, amount of discovery conducted and the anticipated costs of continuing litigation of this matter militated in favor of settlement.  *Id.* at 19.  The parties state that the settlement is the product of detailed investigation and record analysis performed during extensive discovery including depositions, two evidentiary hearings, sworn statements and detailed pay and time records.  *Id.*  The parties also note that Plaintiffs' probability of success on the merits and any amount awarded is

uncertain. *Id.* Thus, the parties propose that the settlement represents a reasonable compromise of a disputed claim. *Id.* at 19-20.

Based on the Court's review of the settlement agreements, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlement, Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount of $120, 216.22. Doc. 176-1 at 3, ¶ 1. The parties state the amount of attorneys' fees and costs is reasonable, given that the amount of attorneys' fees payable to Plaintiffs' counsel represents a sixty percent (60%) fee reduction in the amount actually incurred, for a total reduction in the amount of $114,023.66. Doc. 176 at 13. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery. *Id.* at 20.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."

*Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.
>
> In the instant case, the settlement was reached and the attorneys' fees and

costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 176 at 20.

Thus, having reviewed the settlement agreements (Doc. 176-1), the Court recommends the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement (Doc. 176) be **GRANTED** and the Settlement Agreements (Doc. 176-1) be **APPROVED**;

2. Opt-In Plaintiffs James Bargeron and Rex Earls be dismissed from this action; and

2. The Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record